IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABRAHAM ZEWELDI, #A-208689515, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:17-CV-513-MHT |
| ) | [WO] |
| SCOTT HASSELL, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed on July 31, 2017 by Abraham Zeweldi. Zeweldi is an Immigration and Customs Enforcement ("ICE") detainee being held at the Etowah County Detention Center under a final order of deportation issued on May 25, 2016. Doc. 1 at 2. Zeweldi seeks his immediate release from confinement under an order of supervision pending deportation. Doc. 1 at 8.

**II. DISCUSSION**

A 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who

seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

The United States Supreme court has held that

> [t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid*. We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the ***immediate*** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S. Ct. 1050, 29 L. Ed. 277 (1885) (emphasis added); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–495, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales*, *supra*, at 574, 5 S. Ct. 1050); *Braden*, *supra*, at 495, 93 S. Ct. 1123 ("'[T]his writ . . . is directed to . . . [the] jailer,'" quoting *In re Jackson*, 15 Mich. 417, 439–440 (1867)).
> In accord with the statutory language and *Wales*' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement—"core challenges"—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

As previously stated, Zeweldi is incarcerated at the Etowah County Detention Center, which is located in Gadsden, Alabama. This facility sits within the jurisdiction of the United States District Court for the Northern District of Alabama. "District courts are limited to granting habeas relief within their respective jurisdictions." *Padilla*, 542 U.S.

at 442 (citing 28 U.S.C. § 2241(a)). "Accordingly, with respect to [§ 2241] habeas petitions designed to relieve an individual from oppressive confinement, the traditional rule has always been that the Great Writ is issuable only in the district of confinement." *Id.* This court therefore lacks jurisdiction to consider Zeweldi's habeas corpus petition.

However, when a case is filed in the wrong division or district, a district court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ."); 28 U.S.C. § 1631 (specifically granting federal courts the power to transfer a civil action to "cure a want of jurisdiction" where such transfer "is in the interest of justice").

Under the circumstances of this case, the undersigned concludes that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).

It is further ORDERED that on or before **August 18, 2017** Petitioner may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not

be considered by the District Court. Petitioner is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar Petitioner from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of August, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE